# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

MARCUS LOCKHART                                                                                   PLAINTIFF

v.                                    3:17CV00103-JM-JJV

CRAIGHEAD COUNTY
DETENTION CENTER; *et al.*                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

       1.       Why the record made before the magistrate judge is inadequate.

       2.       Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Marcus Lockhart ("Plaintiff"), formerly incarcerated at the Craighead County Detention Facility, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 4.) He alleges Defendant David P. Chadwick, an officer at the detention facility and a notary, made copies of two legal documents belonging to Plaintiff – an affidavit and a contract – after notarizing them for Plaintiff. (Doc. Nos. 1 at 3; 4 at 1.) According to Plaintiff, Defendant Chadwick told him he makes copies of everything he notarizes. (Doc. No. 4 at 1.) Plaintiff alleges this violated his First and Eighth Amendment rights. (*Id*.) He seeks monetary damages. (Doc. No. 1 at 4.)

On May 23, 2017, I notified Plaintiff that his Complaint, as already amended, failed to plead enough facts to state a claim upon which relief could be granted. (Doc. No. 5.) I suggested dismissal would be likely and offered him a chance to further amend within thirty days. (*Id*.) Thirty days have now passed, and Plaintiff has not filed a Second Amended Complaint. After careful review of Plaintiff's Amended Complaint, I find his cause of action should be dismissed without prejudice for failure to state a claim.

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

As I noted in my prior Order (Doc. No. 5), the taking of an inmate's legal papers can be a constitutional violation when it infringes his right of access to the courts. *Goff v. Nix*, 113 F.3d 887, 892 (8th Cir. 1997). To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided "an opportunity to litigate a claim" challenging the prisoner's sentence or conditions of confinement in a court of law. *Hartsfield v. Nichols*, 511

F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). In addition, the prisoner must show an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* To prove actual injury, a prisoner must demonstrate that a nonfrivolous legal claim was frustrated or impeded. *Id.* at 832. Here, Plaintiff has not alleged he was deprived of an opportunity to litigate a claim, nor has he alleged a nonfrivolous legal claim was frustrated or impeded. Therefore, Plaintiff's allegations fail to state a claim for the denial of meaningful access to the courts.

Plaintiff also asserts an Eighth Amendment violation. (Doc. No. 4 at 1.) But it is not apparent how Defendant Chadwick's actions might have constituted cruel and unusual punishment. Plaintiff has failed to state a claim for the violation of his Eighth Amendment rights.

Finally, Plaintiff also names the Craighead County Detention Center as a Defendant. As noted previously, the detention center, as a department of local government, is not a juridical entity amenable to suit under § 1983. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

IV. **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 26th day of June, 2017.

                                                                             _____
                                                                             JOE J. VOLPE
                                                                              UNITED STATES MAGISTRATE JUDGE